Leo Ferrante, III, Petitioner, v Niagara County et al.,
Respondents.

Supreme Court, Niagara County, February 21, 1989

APPEARANCES OF COUNSEL

*Munley & Funda (Michael L. Munley* of counsel), for petitioner. *Glenn S. Hackett* for County of Niagara, respondent. *Carl E. Mooradian, Corporation Counsel,* for City of Niagara Falls, respondent.

OPINION OF THE COURT

Joseph J. Sedita, J.

At issue in this CPLR article 78 proceeding is whether or not the respondents have treated this petitioner arbitrarily.

The petitioner is an applicant for a position on the Niagara Falls Police Department. He passed all the written exams but was unable to pass that part of the physical exam which required applicants to run a 1½-mile course in 12 minutes or less. Petitioner's time was slightly over the 12-minute limit. It is undisputed that an exception to this requirement was given to a fellow applicant who had allegedly injured himself at the

police academy. This other applicant was permitted to take a bicycle test in lieu of the running test. It is undisputed that the lawfully established and duly promulgated requirements did not offer any exception to the running test.

There is no serious challenge here to the reasonableness of the test requirements. A running requirement clearly has some rational relationship to the possible duties of a police officer. The unique issue here is whether the petitioner's rights were violated because "special treatment" was afforded to another applicant in the same class. In other words, is the petitioner harmed because another has been given "special treatment"?

While one person's "blessing" may not necessarily be another person's "curse", this may not apply to the more limited world of public employment. In the competition for a limited number of employment positions, the benefit of an alternative to a difficult requirement may be the difference between a career opportunity and an unemployment line.

Ingrained in our historic American sense of fairness and justice is the concept of equal protection of the laws. Both our Federal and State Constitutions prohibit laws and governmental action which violate this basic principle of fairness and justice. (9 NY Jur, Constitutional Law, §§ 286-291.)

The record before this court does not present any substantial basis for the proposition that the bicycle test was equal to the running test in its ability to test for physical fitness. Respondents, in effect, argue that this separate treatment was acceptable so long as it was "equal". We note again that the bicycle test was not an established alternative standard. This "test" was an ad hoc creation to assist one of the applicants who the administrators felt was a "fit candidate for police work".

While administrative agencies are given broad discretion to accomplish their responsibilities, they must exercise their duties fairly, impartially, and in accord with law. (1 NY Jur, Administrative Law, § 195.)

The respondents are free to establish reasonable rules and standards for the selection of police officers. However, all applicants must have fair and equal opportunity to meet those standards.

The propriety of the bicycle test has not been challenged in this proceeding. On its face, it would appear that the respondents have the power and authority to establish this test as an

alternative to the running test. Once established, however, it is our considered opinion that the Equal Protection Clauses of our State and Federal Constitutions mandate that all applicants have an equal opportunity to take this test as an alternative to the running test.

Since this is not a class action, we can only deal here with the rights of this particular petitioner. However, it is our considered opinion that all members of the same class should be held to the same standard. Elemental principles of fair and equal treatment mandate that the petitioner be given an opportunity to complete his requirements by taking the bicycle test.

Since respondents assert that the bicycle test is equal to the running test in testing fitness, there is no danger of a lowering of "standards" if it is administered as an alternative to the running test. This ruling should not be interpreted as requiring a bicycle test option as a standard in future classes. It is only when an exception is granted to one candidate in a class, that the exception should be provided as an option to all members of that class.

Accordingly, this petition is granted. The "bicycle test" should be administered to the petitioner at the soonest available time as an alternative to the "running test".